CYNTHIA PEED * NO. 2024-CA-0263

VERSUS * COURT OF APPEAL

CHERIE LESAICHERRE, * FOURTH CIRCUIT
CHERIE P. LESAICHERRE,
DDS, LLC, DACHIELL A. * STATE OF LOUISIANA
ROWDON, TRUSTEE OF THE
DACHIELL A. ROWDON *
EXEMPT TRUST, JON S.
D'AZZO, TRUSTEE OF THE *
JON SHEFFIELD D'AZZO * * * * * * *
EXEMPT TRUST, AND ABC
INSURANCE COMPANY

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

I respectfully concur in part and dissent in part. While the majority applies the Louisiana Medical Malpractice Act ("LMMA") to Ms. Peed's claims in their entirety, I find the petition sets forth claims that each involve distinct legal theories and should be treated accordingly. Specifically, Ms. Peed has three claims:

(1) an LMMA claim against the dentist (Dr. LeSaicherre) and the dental company (Cherie P. LeSaicherre, DDS, LLC) (collectively, "Dr. LeSaicherre");[1]

(2) a general negligence claim against Dr. LeSaicherre arising from the administrative responsibility for the malfunctioning dental equipment; and

(3) a premises liability claim against the property owners (Dachiell A. Rowdon, trustee of the Dachiell A. Rowdon Exempt Trust, and Jon S. D'Azzo, trustee of the Jon Sheffield D'Azzo Exempt Trust).[2]

The allegations sounding in general negligence and premises liability fall outside of the LMMA and are not subject to a medical review panel.

---

[1] At this stage of the litigation, only the allegations in the petition are at issue, no discovery is before this Court, and any apportionment of fault between any of the parties (*i.e.*, between the dentist and the dental company) is not known. For this reason and for the purposes of this discussion, I will refer to both the dentist and the dental company collectively as "Dr. LeSaicherre" as the majority does.

[2] The exception of prematurity did not address the premises liability claim against the property owners. Ms. Peed's claim against the property owners was not dismissed as premature, and premises liability is not at issue in this appeal. I discuss premises liability in demonstrating that the petition sets forth multiple theories of negligence.

1

Where the petition contains allegations governed under the LMMA, as well as allegations of general negligence, the proper remedy is to deny the exception of prematurity, in part, as to the claims sounding in general negligence. *See Blevins v. Hamilton Med. Ctr., Inc.*, 07-127, pp. 1-2 (La. 6/29/07), 959 So.2d 440, 442; *Richard v. Notre Dame Health Sys.*, 22-0800, pp. 11-12 (La. App. 4 Cir. 5/31/23), 368 So.3d 671, 679; *Blazio v. Ochsner Clinic Found.*, 19-0753, pp. 8-9 (La. App. 4 Cir. 3/4/20), 294 So.3d 36, 43. In the matter on appeal, the exception of prematurity should have been denied, in part, and the faulty equipment claims should not have been dismissed. I would reverse, in part, the district court's judgment granting the exception as to those claims.

**I. Medical Malpractice Claim (LMMA)**

The claim against Dr. LeSaicherre centers on the professional care provided during Ms. Peed's dental procedure. Under the Louisiana Supreme Court's *Coleman v. Deno*[3] six-factor test, Dr. LeSaicherre's involvement in Ms. Peed's treatment could reasonably be considered within the scope of the LMMA because it involves the physician-patient relationship and professional skill. To the extent that Ms. Peed alleges that the dentist's actions or inactions regarding the dental light – such as the positioning or adjustment of the equipment during her procedure – contributed to her injury, that claim would properly fall under the LMMA. The *Coleman* test factors, including the need for expert testimony, support the majority's conclusion in this specific context, where the dentist's direct actions or professional judgment are at issue. *Compare Harris v. Sternberg*, 01-1827 (La. App. 4 Cir. 5/22/02), 819 So.2d 1134.

However, while the LMMA may govern the claims directly related to the dentist's professional conduct, this does not mean that the entirety of Ms. Peed's claims fall under the LMMA.

---

[3] *Coleman v. Deno*, 01-1517 (La. 1/25/02), 813 So.2d 303.

## II. General Negligence Claim

Ms. Peed's general negligence claim separately arises from the allegedly malfunctioning equipment under Dr. LeSaicherre's administrative oversight. The allegation is that the dental light fell because of improper maintenance, installation, or repair, where Dr. LeSaicherre was responsible for providing and maintaining the equipment. The LMMA does not govern this claim, as it does not pertain to the professional skill or judgment of the healthcare provider. Instead, it involves Dr. LeSaicherre's administrative responsibility to ensure that the equipment was operating properly and the patient is in a safe and functioning environment.

The Louisiana Supreme Court determined, in *Blevins*, 07-127, p. 12, 959 So.2d at 448, that allegations against a hospital, concerning the faulty condition of a hospital bed, were outside the confines of the LMMA and permitted those claims to proceed as ordinary negligence claims.[4] The Court recognized that "only plaintiff's claims 'arising from medical malpractice' are governed by the LMMA, and all other tort liability on the part of the qualified health care provider is governed by general tort law." *Id.*, 07-127, p. 11, 959 So.2d at 447. The Supreme Court discerned that the general negligence claims "are not entitled to the limitations or subject to the procedural requirements of the LMMA of first review by a pre-suit medical review panel, and should … be severed from [the] medical malpractice claims, … to proceed in accordance with general tort law." *Id.*, 07-127, p. 11, 959 So.2d at 447-48.

This Court reached a similar conclusion in *Blazio*, 19-0753, pp. 8-9, 294 So.3d at 43, where equipment failure ("a door lock on the bathroom door to a hospital room without a way or a means to enter the bathroom timely in an emergency situation") was found to be unrelated to medical malpractice, but

---

[4] The LMMA governed the other allegations, however, concerning failing to properly monitor the patient's condition and exercise requisite care toward the patient, and those claims proceeded to the medical review panel.

instead related to "the deficient design of the hospital and lack of emergency procedure." *Blazio* relied on the Supreme Court's holding in *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 07-0008, p. 10 (La. 9/5/07), 966 So.2d 519, 526 in concluding that claims concerning a hospital's negligent administrative decisions, involving flaws in design and emergency procedure, sounded in general negligence rather than malpractice. *Id.* Therefore, this Court reversed, in part, the judgment granting the exception of prematurity as to the allegations of general negligence. *Id.*

The Supreme Court similarly explained, in *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-0451, p. 12 (La. 12/1/04), 888 So.2d 782, 790, that a hospital's alleged negligence in failing to repair a wheelchair and to make sure it was in proper working condition before returning it to service was neither "treatment related" nor caused by a dereliction of "professional skill" as the wrongs alleged were "not directly related to, nor [did] they involve, treatment of this patient."

Likewise here, Dr. LeSaicherre's alleged failure to maintain or repair the overhead light and provide a safe environment signify breakdowns in administrative responsibility and are a classic case of general negligence. The LMMA is intended to govern claims involving healthcare providers' professional judgments, not equipment malfunctions or unsafe healthcare conditions due to the company's administrative or operational failures. Accordingly, Ms. Peed should be permitted to proceed with her general negligence claim against Dr. LeSaicherre, distinct from her medical malpractice claim against the dentist.[5]

---

[5] The Supreme Court and the Third Circuit provide guidance on trial procedure where a medical malpractice claim and general negligence claim are both alleged. In *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 16-0846, pp. 8-9 (La. 10/19/16), 218 So.3d 513, 519, plaintiffs settled their medical malpractice claims against a hospital, reserving for review whether their "negligent credentialing" claim sounded in medical malpractice or in general negligence. Affirming the Third Circuit, the Supreme Court found that the negligent credentialing claim was properly classified as general negligence and fell outside the LMMA. *Id.*, 16-0846, pp. 22-23, 218 So.3d

4

## III. Premises Liability Claim Against the Property Owners

Additionally, Ms. Peed has a premises liability claim against the owners of the building where the dental office is located. The judgment on appeal does not dismiss the property owners as defendants.

Under Louisiana law, property owners have a duty to keep their premises in a reasonably safe condition; they must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. *Pryor v. Iberia Parish Sch. Bd.*, 10-1683, p. 3 (La. 3/15/11), 60 So.3d 594, 596. In this case, the property owner may bear responsibility for any unsafe conditions related to the premises that contributed to the falling dental light, whether it was installed improperly or became hazardous due to other conditions within the building. This claim falls squarely within the realm of premises liability, governed by Louisiana Civil Code articles 2317, 2317.1, and 2322, which outline the duties of property owners regarding the safety of their premises.[6] The premises liability claim is distinct from both the medical malpractice claim against the dentist and the general negligence claim against the dental company. It focuses on the property owner's failure to ensure the reasonably safe condition of the

---

at 527. Thereafter, the Third Circuit upheld a partial summary judgment ruling that the factfinder must apportion fault between the plaintiffs' two causes of action against the hospital (malpractice and negligent credentialing), in addition to allocating fault between the hospital and the physician. *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 17-895, pp. 2, 11 (La. App. 3 Cir. 4/18/18), 316 So.3d 1040, 1043, 1049, *writ denied*, 18-0819 (La. 10/15/18), 253 So.3d 1299.

[6] "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." La. C.C. art. 2317.

"The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. C.C. art. 2317.1.

"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. C.C. art. 2322.

property. In this instance, the property owner could be liable for creating or allowing a dangerous condition on the premises that contributed to equipment failure and led to Ms. Peed's injury.

In summary, the claims alleged should be treated under three distinct legal frameworks:

(1)     Ms. Peed's LMMA claim against Dr. LeSaicherre for any breach in the applicable standard of care as to the dentist's handling the dental light during the procedure;

(2)     Ms. Peed's general negligence claim against Dr. LeSaicherre for the alleged failure of the administrative responsibility to properly maintain, install, or repair the dental light, which does not involve the professional judgment or care of the healthcare provider; and

(3)     Ms. Peed's premises liability claim against the property owner for any unsafe conditions on the property that contributed to the equipment failure.

By applying the LMMA to the entire set of claims, the majority has improperly broadened the scope of the Act, conflating general negligence with medical malpractice. The LMMA should not encompass claims unrelated to a healthcare provider's professional judgment or care. Therefore, I would reverse the district court's judgment as to the general negligence claims and remand those claims for further proceedings, while allowing the LMMA claim to proceed under the appropriate framework.